Good morning, members of the panel. Ms. LaRue, my name is John Lambros. Ms. Johnson and I are here on behalf of the petitioner below and the appellant, Mr. Ricky Cooper. What this rather lengthy and complicated habeas case is about is how, respectfully, Judge Mahan got it wrong in his ten-page order dismissing the entire action on procedural default grounds. The order misses the point for several reasons. First of all, the respondent conceded that the action was timely. So in order for Judge Mahan's order to be affirmed, this Court would have to find that each and every one of the grounds pled in our November 2006 amended petition were procedurally defaulted. And that just is not true. As we pointed out in the briefing and as the respondent conceded with regard to ground 7A4, and the concession was at page 2012 of the excerpts of record, that ground was presented on direct appeal of post-conviction 1. Grounds 3A and 4, the DA vouching judicial misconduct, vouching for Donnell Wells' testimony, both of those grounds were addressed on the merits by the Nevada Supreme Court in their order dismissing the appeal. So as we go back on that, we're kind of doing this claim by claim, and I'm sure you are as well. Yes. So I want to go to 3 and 4, which kind of come together. The district court said they were procedurally barred. Is that right? Right. And I took the argument on appeal to say that, well, actually, there was law of the So I had thought that when it went back to the State court, it had been determined to be untimely and successive, but there had to be a determination made on whether there was cause and prejudice for that. Right. So when it went back, the only remand issue was cause and prejudice, and that it wasn't really a law of the case issue. Right. So in other words, my question then becomes to you, because that's what seemed to happen from the Nevada court or from the Nevada Supreme Court back and back again, is whether that argument is waived, because it's really not a law of the case problem. It went back, really, on the cause of prejudice. Right. And your question is an absolutely good question, and I hope that I had addressed it properly in the briefs, but maybe I can nail it down now. All right. Incidentally, I'd like to reserve a minute, if possible. If you go to the excerpts of record volume 1 at page 53, the Nevada Supreme Court in their second decision after the evidentiary hearing was conducted on cause and prejudice, the Nevada Supreme Court states here, Cooper contends, however, that the prosecutor in the district court improperly bolstered Wells' testimony, increasing its significance. In making this contention, Cooper completely mischaracterizes the district court's questioning of Wells. Now, here's the key sentence. Anyway, this court considered and rejected those claims, similar claims, raised by Cooper in his first post-conviction petition. They drop a footnote, and they cite to post-conviction petition, order dismissing appeal number one. And that's my law of the case argument. What they did was, is they gratuitously, but thank goodness for Mr. Ricky Cooper, because under Ilst v. Nunemaker, that is an acknowledgment that they had reviewed those two claims on the merits and rejected them. Similar claims, albeit similar claims, but still, that, in our opinion, is a ruling that typifies or signifies a law of the case adjudication. We've reviewed these on the merits. Does that clarify things for you? It still looks a little bit. I'm still a little puzzled by that as the basis. So if they determine those on the merits, and they're now back here on habeas, here meaning the district court, and there's a concession of timeliness, then in your view they would survive? Yes. All right. I have your argument. Yes. And certainly, absolutely, the ineffective assistance of counsel claims, which include those stand-alone claims as components. In other words, the ineffective assistance of the 7A3 and 8, the IAC appellate claim, 8.3 and 8.5. Those claims were absolutely adjudicated on the merits in post-conviction No. 1. And Judge Mahan just missed that. He didn't sort of lasso that in. And what he did, honestly, when I first read that opinion, I thought, well, he's completely overlooked the claims that were adjudicated on the merits. And that's really, that's why that's the first thing we talk about in our briefing is, gee whiz, there are a bunch of claims that you didn't resolve, Judge. This case has to go back for that reason alone. We're talking about 8.8.3. And 8.5. And 8.5. Yes. The ineffective assistance of appellate counsel claims. We know regarding procedural default, why aren't our presidents holding that Nevada procedural rules at issue here are independent of Federal law? How do you distinguish the Moran case in particular? Well, Moran and the cases cited by the appellee in their answering brief were adequacy cases. And I'm sorry, I'm a habeas lawyer, so I apologize for hair splitting. But this isn't an adequacy argument. What we're arguing is that in order for Nevada, the Supreme Court to have found that the defaults were adequate and independent, in other words, worthy of Federal deference, we're showing that when Nevada conducted their state cause and prejudice test, they incorporated, they imported the Brady analysis. So it's intertwined with Federal law. Yes. It's intertwined with Federal law. So your argument is more like the Aki case? Yes. It's like Aki and Michigan v. Long. All right. And I briefed it at 24th through 31 in my opening brief. I just think the Nevada Supreme Court nails it down for me at excerpts of record pages 49 and 50, where they just basically say, look, you know, you've shown good cause. And good cause under our law are the first two prongs of Brady. What you haven't shown is materiality. And so, you know, they import that Federal question. So for me, I just think that, and quite frankly, the respondent did not respond to that argument. And our position is, for once, a habeas lawyer gets to hold the state to a procedural rule. So if you're not going to respond to it, that means you've confessed error. So as far as we're concerned, the grounds 1 and 2 have to go back down for merit review. Let me go back as we move through these. Because you said 7A, 7A3. I'm sorry. And I want to distinguish between 7A and 7A3. So on 7A, did I understand you to say that you thought it had been adjudicated on the merits, 7A? Yes, 7A. So my question there was. 7A is a very vague, by my. Whether that was, whether in his appeal of his, his state appeal on his first post conviction was that way. Yes, you know what? I think 7A, in his reply brief, and I have this somewhere in my notes. But 7A is pled as kind of just this failure to investigate claim, failure to hire an investigator. And then when Ricky's lawyer on post conviction 1, Mr. Berry, writes his reply brief, he says, oh, you know what? 7A, the State's kind of right. He had his investigator three months before trial. You know what? We can live with 7A going away, as long as we get 7A3. Well, that's why I'm just distinguishing between or among these. So then I have another question. We've kind of gone through 3, 4, 1, 2, 7A, 7A3 and 8. Actually, we haven't gone through 8. We've talked about 8, 3. What in the heck is 8? Like some big umbrella? 8 is an ineffective assistance of appellate counsel claim. I believe 3 is the failure to bring the prosecutorial misconduct issue. Right. So was 8 actually briefed separately? Yes. Yes. In post conviction 1, it was briefed separately. If you look at the briefing in post conviction 1, which is in the excerpts of record. What about in your brief, or in the briefs here? Well, yes. In my brief to you, it's briefed as a, this claim is exhausted. The exhaustion. Yes. Okay. Right. Right.  And then I wanted to know about a couple other of these. Okay. 9 and 10, maybe? Well, that's really prescient of you, because that's right where I'm going. Because you can see there could be an issue there, which I think the State pointed out, as to whether this, the 9 and 10 claims are really cognizable on habeas review. Well, you know, I think that's Judge Mahan's. Without those? No. Okay. I would ask. I think that's Judge Mahan's decision. I think we need to go back down and let him decide whether they're cognizable and let us flesh that out with him, because we haven't briefed that issue with you folks. I think I should have an opportunity to really flesh that out, because I think those are cognizable. I mean, how do you lose the prosecutor's notes? Come on. The judge loses the notes, and so does the prosecutor after four years. Even at the evidentiary hearing in 2004, Judge Cherry, who, you know, I like Judge Cherry. He's a friend of mine. But he said, I have them in front of me now, and then all of a sudden they get lost on appeal. That's just, you know, I think we can make a young blood argument there. It's a pretty good one. And as far as the not, you know, the the... Things happen. Yeah, they happen. I had a case once where the court reporter lost her notes the whole trial. I know. But at least then you get to try to resurrect it. The two lawyers get an opportunity. We never got a chance to see the notes, because they were work product. So we never even got a chance. We saw four pages of 69 pages of notes. So your view on 9 and 10 is that... They should go back now. ...because they're exhausted, they survive, but then the district court needs to, in the first instance, figure out if they can survive. Yes. All right. Yes. All right. Thank you. I got the stop sign. I'm sorry. It's just that it is... No, no, no. We want to take the time to do each of these carefully. I appreciate that. Thank you. Thank you. Good morning, Your Honors. May it please the Court. My name is Alicia Leroux, Deputy Attorney General for the State of Nevada. I have the privilege this morning of representing the Respondent in this matter. The issue before the Court is whether the court below erred in finding Mr. Cooper's petition to be completely procedurally barred. As the Court is well aware, this case dates back to the offense dates back to 1983. The judgment of conviction is from 1984. Since that time, a very lengthy and complex procedural history has developed, and unless the Court has any questions regarding earlier procedures or earlier parts of that procedural history, I am going to limit my discussion to the case that is instantly before the Court and the third State action. The case that is instantly before the Court, this is actually the third amended petition in this case. The second amended petition was dismissed in February 1999 because all claims were found to be unexhausted. It should be noted that when those claims were found to be unexhausted, that Mr. Cooper did not file an appeal. He did file an objection to the report and recommendation. The only issue in that objection was whether the dismissal was with or without prejudice. If all claims in the second amended petition were found to be unexhausted and Mr. Cooper did not appeal at that time, it stands to reason that the only place that those claims could have been brought before the Nevada Supreme Court and therefore exhausted would be in that third State action. And as this Court is aware, in that third State action, the Nevada Supreme Court found the entire petition to be procedurally barred. And that is where we find ourselves today. Ginsburg. But looking at the specific claims, let me just start with 3 and 4, which counsel indicates is not really a procedural bar issue because the, in his view, the Nevada Supreme Court actually decided those on the merits. What is your response to that? If I can direct the Court's attention to excerpts of record, page 48, you will note that the Nevada Supreme Court found the entirety of that petition to be procedurally barred, including claims 3 and 4. Wood v. Hall, I apologize, that's incorrect. Harris v. Reed says that if there is a procedural bar applied and the State court still addresses the claim based on the merits, that the procedural bar still bars Federal review. So in that case, even assuming that the Nevada Supreme Court did address it on the merits, the Nevada Supreme Court also found it to be procedurally barred. I will also point out that, and it is not in the record, but that the, in that first State habeas petition, where Mr. Cooper alleges he did exhaust claims 3 and 4, those claims were solely for ineffective assistance of counsel, and now they are brought back as I believe they are prosecutorial misconduct and court misconduct claims. So as I read the briefing on claims 3 and 4, Mr. Cooper didn't argue cause and prejudice. Is that right? Mr. Cooper did not argue cause and prejudice. There is no cause and prejudice to overcome any of the procedural bars in this case. And if I can also direct the Court to excerpts of record, pages 1366 and 1367. Those refer to that third State action, and at that time, Mr. Cooper admitted that the only claim that had previously been brought before the Nevada courts was a claim for, regarding the mitigation evidence that he alleges was not properly was improperly rejected by the Court during the penalty phase. Could you give me that side again? Yes. That is excerpts of record 1366 and 1367. So again, there are two places where Mr. Cooper, first in the dismissal of that second amended petition, where he essentially admits that no, those claims were not previously exhausted prior to that third State action, and then again in the third State action, at pages 1366 and 1367, he says the only claim that has previously been brought before a Nevada court is that mitigation evidence claim. Would you make a comment on claims 9 and 10? Why shouldn't we remand? On claims 9 and 10, again, those were included in that third State action. The Nevada Supreme Court did find that entire petition to be procedurally barred, and this Court, under Wood v. Hall, even if the State court did misapply its procedural bars, that is not a matter for this Court to decide. Why not? Respectfully, Your Honor, Wood v. Hall, a State's misapplication of its habeas corpus rules is not cause for default because a Federal court may not reexamine a State court's interpretation and application of State law. Those procedural bars are a matter of State law. Is that true? If you look at Aki v. Oklahoma, how would you distinguish that case from this where the Federal and State issues are intertwined? Your Honor, I apologize. I am not familiar with that case. If the Court would like supplemental briefing, then I would be happy to provide that. Thank you. We'll let you know. It seemed on 7A3 and 8A3, I thought that those were exhausted. I mean, the procedural State bar, if you have an exhausted claim, why wouldn't that why wouldn't we reverse on those if it was exhausted in round one, State post conviction? Your Honor, again, the Court below in dismissing that Second Amendment petition found that the claims were unexhausted, and that is currently the law of the case. With respect to instance. The Court below meaning? Meaning the United States District Court found that those claims were unexhausted and that was not appealed. They were, if it helps at all, Your Honor, grounds. But if they were exhausted? If they were exhausted, Your Honor, that question is not before the Court as the law of the case is that they are not exhausted. They were not exhausted prior to that third State action. State action. Okay. Yes, Your Honor. I would also like to address the issue of the independence of Nevada's procedural bars. Mr. Cooper has argued that the procedural bars that were applied are not independent as Federal analysis was wrapped up in deciding the independence. This Court in Vang v. Nevada and again in Bargas v. Burns has held that the application of a procedural bar of Nevada's procedural bars does not depend on an antecedent ruling on Federal law. Rather, as recognized by the Ninth Circuit, the bar is applied and then whether there is cause and prejudice is examined. The Brady, Giglio, Napu issues, that goes solely to the issue of prejudice. Because the bar is applied prior to a determination on cause and prejudice, the Nevada State procedural bars are independent. Just to clarify that. And that was not well articulated. However, we did argue independence at page 34 of our answering brief. But the reference to Brady in reference to Federal law, doesn't that then, I guess I was going to speak about Aki again, which you don't know. I'll give you the cite to that, at 470 U.S. 68, 7475. Finally, the Oklahoma Waiver Rule did not was not independent because there was an exception for fundamental trial error, which in this case rested on the determination of whether Federal constitutional error had occurred, had been committed. And isn't that similar to the claim in this case? Your Honor, I apologize. I'm not prepared to. It's unfair if you have to advocate. I really do apologize. You know, if we want, and there are a lot of cases in the habeas area to be sure. So if we want supplemental letters or whatever, we will direct to both counsel. Thank you. I appreciate that. If the Court has no further questions, I would just like to wrap up by addressing the issue of the cause and prejudice. The Nevada Supreme Court, with respect to Grounds 1 and 2, and that is in this Federal petition, did find that there was cause to overcome procedural bars. As this Court is aware, they did remand that. On remand, they found that there was no prejudice. The witness's recantation of his previous testimony, the Court found to be immaterial, in large part because his testimony that was given at trial described an almost movie-like scenario that did not match up with any other testimony given by any of the other witnesses. Therefore, the Court found that his recantation really didn't matter because the jury very likely did not depend upon that testimony in the conviction in this matter. Thank you. Thank you. Mr. Lambrose, I have a couple of questions for you. And the other panelists might as well. I have a couple of points to make. So here's my question. All right. Counsel says, well, it really doesn't even matter if they ruled on the merits, whether in a footnote or otherwise, because under Woodby Hall, if you have also a ruling on the procedural bar, that you go that route and the claim is out. Yes, but that's apples and oranges. What she's arguing is that this is an alternative holding, and that's not what happened. They didn't make an alternative holding in this case. This isn't Harris v. Reed where they say it's defaulted and it's also meritless. What they said was we don't find cause and prejudice to overcome the default because you didn't make your Brady case. You had the first two elements of Brady, that the evidence was exculpatory and that it was withheld by the State, either intentionally or inadvertently, but it was not material, which is the equivalent in Nevada. The Federal materiality test is the equivalent to Nevada's cause or, excuse me, prejudice test. And that's what's happening here. This is, as Judge Nelson said, this is an Aki case. I call it an Aki case or a Michigan v. Long case. This isn't a Harris v. Reed case. And the other thing, I really would like to put a wooden stake in the heart of this law of the case argument that the State keeps making with regard to. Exhaustion? Yeah. That was my second question. That's just crazy. Because what we did was, this was 1999. This is before Rines v. Before we got any Rines stay relief. And back in those days, and everybody will admit if they're candid with the Court, that when cases were dismissed back then, they were readily reopened after State exhaustion. That's what happened here. Right. I mean, things went back then. They came back up. It took seven years, but they got back. We reopened it in 2006. They didn't oppose it. And boom, we were going with the claims that were pled in the 2006 amended petition. So this law of the case nonsense is just totally inapplicable. It didn't we weren't going to appeal that 1999 decision because we were going back to exhaust. And so, you know, that that is really a total red herring. And as far as if you can wrap it up. Well, one last comment to make. I just don't think that the State should be entitled to even respond to my independent argument because they didn't brief it. And to say that it was briefed at page 34 is a real stretch. They just didn't brief it. They spent 10 pages talking about how this Court got Bennett versus Mueller wrong, which is, again, totally inappurtenant or not appurtenant to what we're talking about. So I hope that I've explained what I think the remedy should be. We need to go back to Judge Mahan and sort this out. Thank you. Thank you very much. I appreciate it. Both counsel for your arguments. This is a very lengthy and complicated case with the claims. And I appreciate the briefing and argument on both sides. Cooper v. Nevin is submitted.
judges: Hug, Nelson D. W., McKeown